UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　CASE NO. 8:17-CR-561-T-17TGW

NEYBER CAIADO.

_____/

ORDER

This cause is before the Court on:

Dkt. 194　　Motion for Reduction of Sentence Pursuant to
　　　　　　Sec. 3582(c)(2) and Amendments Set Out in "First Step Act"

Defendant Neyber Caiado, *pro se,* requests a sentence reduction pursuant to 18 U.S.C. Sec. 3582(c)(2), Section 502 of the First Step Act, Home confinement for low-risk Prisoners, and Section 503 of the First Step Act, Federal prisoner reentry reauthorization; modification of imposed term of imprisonment.

1.　　Background

Defendant Neyber Caiado was charged with:

Count 1　　Conspiracy to Distribute and Possess With Intent
　　　　　　To Distribute Five Kilograms or More of Cocaine
　　　　　　While Aboard a Vessel Subject to the Jurisdiction of
　　　　　　the United States

　　　　　　Violation of 46 U.S.C. Secs. 70503(a), 70506(a)
　　　　　　and (b) and 21 U.S.C. Sec. 960 (b)(1)(B)(ii)

Count 2　　Possession With Intent to Distribute Five Kilograms
　　　　　　Or More of Cocaine While Aboard a Vessel Subject
　　　　　　to the Jurisdiction of the United States

　　　　　　Violation of 46 U.S.C. Sec. 70503(a), 70506(a),
　　　　　　18 U.S.C. Sec. 2, and 21 U.S.C. Sec. 960 (b)(1)(B)(ii)

Defendant Neyber Caiado entered an open plea before the undersigned on on April 12, 2018. (Dkt. 120).

Defendant Neyber Caiado was sentenced on July 13, 2018 to 120 months Imprisonment on Counts 1 and 2, concurrent, 60 months supervised release on Counts 1 and 2, concurrent; fine waived, and a special assessment fee of $200.00 (Dkts. 173, 182).

Defendant Caiado indicates that Defendant Caiado's current release date is July 29, 2026.(Dkt. 194, p. 2).

2. Discussion

At the outset, the Court notes that Defendant Caiado has brought this Motion under 18 U.S.C. Sec. 3582(c)(2). However, this case does not involve a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(o). The Court construes Defendant Caiado's Motion to be brought under 18 U.S.C. Sec. 3582(c)(1)(A).

The Court also notes that Defendant Caiado refers to Sections 502 and 503 of the First Step Act. The Court construes Defendant's Motion to be based on Sections 602 and 603 of the First Step Act.

A. Section 602

The Court construes Defendant Caiado's Motion to request release to home confinement as a low risk offender, pursuant to Sec. 602 of the First Step Act. Sec. 602 of the First Step Act modifies 18 U.S.C. Sec. 3624(c)(1), which provides:

(c) Prerelease custody.—

(1) In general.—The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.....

The Bureau of Prisons issued Operations Memorandum 001-2019, Home Confinement Under the First Step Act, on April 4, 2019, which explains Home Confinement for Low Risk Offenders and the Pilot Program which will be conducted from Fiscal Years 2019 through 2023.

The Court notes that it is within BOP's discretion to determine if and when Defendant Caiado qualifies for prerelease custody in home confinement. The decision whether to place a prisoner in home confinement is **solely** within the discretion of the BOP and the Attorney General. *Jones v. Woods*, 2019 WL 2754731 (M.D. Ala. June 4, 2019)(emphasis added).

Defendant Caiado does not allege that Defendant has complied with the multi-stage administrative process under 28 C.F.R. Secs. 542.10-19.

**After** Defendant Caiado has exhausted administrative remedies on this issue, Defendant Caiado may seek review of the BOP's determination as to Defendant Caiado's eligibility for home confinement by bringing a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2241, **in the district in which Defendant is incarcerated**.

B. Section 603

34 U.S.C. Sec. 60541 addresses a variety of federal prison reentry initiatives, including the Pilot Program for eligible elderly and terminally ill offenders. It is not clear what relief Defendant Caiado is seeking pursuant to Section 603.

3

Case No. 8:17-CR-561-T-17TGW

After consideration, Defendant Caiado's Motion for Reduction of Sentence is denied without prejudice. Accordingly, it is

**ORDERED** that *pro se* Defendant Neyber Caiado's Motion for Reduction of Sentence Pursuant to Sec. 3582(c)(2) and Amendments Set Out in First Step Act (Dkt. 194) is **denied without prejudice**. It is further

**ORDERED** that Defendant Caiado's Motion is **construed** to be brought under 18 U.S.C. Sec. 3582(c)(1)(A). Defendant's Motion is **denied without prejudice** for failure to exhaust administrative remedies as to relief under Sections 602 and 603.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of October, 2019.



ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record
U.S. Probation Office

*Pro Se* Defendant:

Neyber Caiado
Reg. # 69724-018
RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC  27986